UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ENRIQUE L. OROZCO,** § | |
| **BOP No. 52577-080,** § | |
| § | |
| **Movant,** § | |
| § | |
| v. § | CAUSE NO. SA-14-CA-823-XR |
| § | [SA-91-CR-310(1)-EP] |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Respondent.** § | |

## O R D E R

On this date came on to be considered Movant's letter dated September 5, 2014, received by this Court on September 11, 2014, in which movant complains Bureau of Prisons officials have failed to properly credit movant for credit for time served in state custody. Movant is currently incarcerated in Coleman, Florida, well beyond the geographic boundaries of this Court.

There are several problems with Movant's effort to obtain relief in the form of credit for time served through such a post-trial motion. The first, and most significant of which, is the fact a claim for time served prior to the date of a federal sentence is cognizable only in a proceeding for habeas corpus relief brought pursuant to 28 U.S.C. Section 2241. *See Setser v. United States*, ___ U.S. ___, ___, 132 S.Ct. 1463, 1473, 182 L.Ed.2d 455 (2012) (holding federal prisoner seeking credit against his federal sentence for time served in state custody could seek relief under Section 2241 after first exhausting available administrative remedies through Bureau of Prisons); *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990) (holding claims for time served are not cognizable in a 28 U.S.C. Section 2255 proceeding but rather must be addressed as habeas corpus petitions under 28 U.S.C. Section 2241). Thus, the relief which Movant seeks through the letter dated September 5, 2014, filed

September 11, 2014 cannot be awarded by this Court except in a habeas corpus proceeding brought pursuant to Section 2241. *Hunter v. Tamez*, 622 F.3d 427, 429 (5th Cir. 2010) (holding Section 2241 habeas corpus action the appropriate vehicle for seeking credit for time served).

This leads to another problem with Movant's motion. Even if this Court wished to construe his *pro se* motion as a petition for habeas corpus relief pursuant to § 2241, such a petition would have to be dismissed because Movant failed to submit either the appropriate filing fee of five dollars [$5.00] for a Section 2241 action or an application for leave to proceed In Forma Pauperis along with his motion. Therefore, this Court cannot construe Petitioner's motion as an application for relief under Section 2241.

Even if the problem with the lack of a filing fee were avoided, however, this Court could not exercise jurisdiction over a Section 2241 proceeding filed by Movant. To entertain a habeas corpus petition pursuant to § 2241, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian. *United States v. Gabor*, 905 F.2d at 78; *United States v. Brown*, 753 F.2d at 456; *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978). Thus, the Movant may file his application for federal habeas corpus relief under Section 2241 only in the district where he is currently in custody. *United States v. Weathersby*, 958 F.2d at 66; *United States v. Mares*, 868 F.2d at 151-52. At the time he filed his letter, Movant gave his return address as Coleman, Florida, clearly outside the geographic boundaries of the United States District Court for the Western District of Texas.

For the benefit of the pro se Movant, the Court notes that, as a prerequisite to obtaining relief under § 2241, Petitioner must first exhaust his administrative remedies through the Bureau of

Prisons. *Setser v. United States*, ___ U.S. at ___, 132 S.Ct. at 1473; *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (holding Section 2241 habeas action seeking credit for time served was not ripe until the Bureau of Prisons denied the defendant's request for credit for time served).  Movant does not allege any specific facts showing he has made any effort to date to exhaust available administrative remedies through the Bureau of Prisons.

The final problem with Movant's letter is this Court does not exercise supervisory authority over the Bureau of Prisons.  After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence pursuant to 18 U.S.C. §3621(a).  *United States v. Wilson*, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992).  Movant cites no authority granting this Court the power to supervise the BOP's administration of movant's sentence in the manner movant proposes and this Court has been unable to locate any such authority.  A federal inmate who is dissatisfied with the manner in which his sentence is being administered by the BOP, may seek relief through the administrative procedures available within the BOP.  If, after exhausting administrative remedies, the offender remains dissatisfied with the manner in which his sentence is being administered, the offender may file an action seeking federal habeas corpus relief under 28 U.S.C. Section 2241 in the location where the offender is  "in custody."  *See Moreland v. Federal Bureau of Prisons*, 431 F.3d 180, 183 (5th Cir. 2005) (holding petitioner properly brought claim for credit for time served in a Section 2241 habeas corpus action filed in the location where petitioner was "in custody," against responsible Bureau of Prisons officials), *cert. denied*, 547 U.S. 1106 (2006); *United States v. Garcia-Gutierrez*, 835 F.2d

585, 585 (5th Cir. 1988) (holding a claim for credit for time served may be brought only in a petition for habeas corpus relief under 28 U.S.C. Section 2241).

Accordingly, it is hereby **ORDERED** that all relief requested in Movant's letter dated September 5, 2014, received and filed in this Court on September 11, 2014, is **DISMISSED without prejudice for want of jurisdiction.**

**It is so ORDERED.**

**SIGNED this 18th day of September, 2014.**

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE